STATE, JOHN H. KEENEY, PROSECUTOR, v. MAYOR AND ALDERMEN OF JERSEY CITY.

1. The concurrence of the board of finance and taxation with the board of public works is required for the making of any improvement, or the doing of any work or procuring any materials, by section 9 of the supplement to the charter of Jersey City of 1874, repealing section 37 of the supplement of 1873.

2. A ratification by the board of public works of an order for work done in repairing a public sewer by the street and sewer commissioner, by approval of the bill presented therefor, is not sufficent to bind the city.

Argued at June Term, 1885, before Justices DEPUE, VAN SYCKEL and SCUDDER.

For the prosecutor, *James Flemming.*

[For the defendants, *R. B. Seymour.*

On *certiorari* to the Court of Common Pleas of Hudson county, bringing up a judgment on appeal reversing the judgment of the prosecutor in the First District Court of Jersey City.

The action was brought to recover for the work and materials of said Keeney, furnished June 23d, 1881, used in repairing a large sewer in Thirteenth street, Jersey City, built and owned by the city, amounting to $200.

The state of the case for appeal was settled and signed by the judge of the District Court, and by it the material facts are, that the top of the sewer had fallen in for about sixty feet in length; its location was in the lower part of Jersey City, as distinguished from the Heights, and it had been constructed at the place of leakage with a thicker wall to resist the great pressure of water there on its way to the river. There was danger that if the sewer were left open and spread until a rain storm came the great quantity and force of the water coming down from the Heights would tear away the sewer and flood a large part of the lower and level part of the city where it is built up. When the break occurred David Williams was chairman of the committee on streets and sewers, a sub-committee of the board of public works of Jersey City. He immediately obtained estimates and bids from different persons who could do the work, and gave to Keeney, who was the lowest bidder, an order for the prompt repair of the sewer. After the repairs were finished the work was examined by the chief engineer of the board of public works, who reported that it was done in a good and workmanlike manner. July 5th, 1881, Keeney made out his claim in a form furnished by the board of public works, under oath, and presented it to the board, at a regular meeting, who referred it to the committee on streets and sewers. On November 6th, 1882, the bill was examined, with others, by said board, marked "goods received and bill correct," and by their resolution sent to the board of finance and taxation for their concurrence and payment. It also appears that there was money in the city treasury which was part of the appropriation for streets and sewers for the fiscal year 1880, 1881, when the work was done, sufficient to pay this claim. The board of finance and taxation did not concur and pay the bill, and this action was brought and judgment given in the District Court for $200 and costs. On appeal this judgment was reversed, and this *certiorari* was brought.

The opinion of the court was delivered by

SCUDDER, J.   The facts above stated are by the statute conclusive, both on appeal and in this court on *certiorari*. There is no question made that the work was well done, in good faith between the contractor and the street commissioner; that it is worth all that is claimed, and the city has received the benefit of it.   Why the board of finance and taxation did not concur with the board of public works in their ratification of the act of the street commissioner and pay the bill, does not appear.   Before the courts this board has placed itself on its legal right to refuse its concurrence for reasons satisfactory to itself.   Without any further facts being shown we cannot judge of the reasonableness or unreasonableness of their opposition, and must dispose of the case in the form in which it is presented.

Under the charter of Jersey City, (*Pamph. L.* 1871, *p.* 1113, §§ 38, 39,) the board of public works has control of all public sewers and drainage, and by section 53 the expense of keeping sewers in order shall be borne by the city at large and paid by a general tax.   Section 159 requires advertisements for six days at least, before any contract shall be made for work and materials on account of any board or department of the city government, and to be given to the bidder offering the most advantageous terms, provided this shall not apply where the amount to be paid does not exceed $500; and provided further, that nothing therein contained shall apply to repairs when the safety or protection of public property, or the public convenience requires such advertisments to be dispensed with.   Section 53 of the supplement of 1873 adds to section 159 of the act of 1871 an additional proviso, that if the exigency of any public service will not admit of the advertisement for purposes provided for in said section, said work may be done on previous resolution that said exigency exists, and provided the board of aldermen shall concur therein.

There was no advertisement in this case, and no determina-

tion by the aldermen, or any board of the city, that such exigency existed that it should be omitted.

Section 9 of the supplement of 1874, p. 507, repeals section 37 of the act of 1873, p. 409. The main part of section 37 enacts, "that no motion, resolution or order of the board of public works providing for the making of any improvement, or the doing of any work, or procuring of any materials, or the purchase of any property *which may cost over* $2000, or for the employment of any person whose compensation may exceed $1000 per annum, or for the payment of any sum of money exceeding $2000, shall be of any force or effect unless the same be concurred in by a vote of *the board of aldermen*," &c.; with a proviso not material in this case.

Section 9 of the act of 1874, which is now the law of the city on this subject, enacts that the above section 37 be and the same is thereby repealed, " and hereafter no motion, resolution or order of the board of public works providing for the making of any improvement, or the doing of any work, or procuring any materials, or the purchase of any property, or for the employment of any person whose compensation may exceed $1000 per annum, or for the payment of any sum of money exceeding $2000, shall be of any force or effect unless the same be concurred in by a vote of the *board of finance and taxation*," &c., with proviso not material in this case. The important change made by this repealing section is, that it strikes out of section 37, in the former act, the words " which may cost over $2000," after the word "property ;" and substitutes the concurrence of the board of finance and taxation for that of the board of aldermen. The effect is to leave the first part of the section so that the concurrence of the board of finance and taxation is required in every motion, resolution or order of the board of public works providing for the making of any improvement, or the doing of any work, or procuring of any materials, or the purchase of any property, for any amount, whether less or more than $2000. The omission of the limitation of $2000 after the word " property " is so marked that it must be regarded as having some signifi-

·cance, and while no reason may be assignable why the board of public works shall make no motion, resolution or order for any amount, without concurrence in the first items of the section, and may do so in the last two, there is no room for doubt and uncertainty that the important omission is there. By the plain rule of construction every statute must, in the first instance, be its own interpreter, and there is in this case no escape from the conclusion that the legislature have intended just what they have said. If the omission had been accidental, in copying the former act into the supplement, the change in the management of the city affairs would be so apparent that immediate application would be made for legislation to cure the defect. But the city has acquiesced and the legislature has been silent.

In the present case the board of public works did not order the doing of the work or the procuring of the materials, but they ratified the act of the commissioner of streets and sewers by approving the bill rendered by the plaintiff, and sending it to the board of finance and taxation. The subsequent ratification of the board of public works was as good as if a previous order had been given for the work and materials, but it is only effective to the extent of their authority under the charter to order the improvement. This, as we have seen, could not be done without the concurrence of the board of finance and taxation, and by this board there has been no ratification. The whole law on this subject is briefly stated in Cory v. Freeholders of Somerset, 15 Vroom 445, 455. The court says that where the charter authorizes a contract to be made by the corporate body in a certain mode, whereby the power of such body is intended to be limited, its officers and agents cannot bind it in any other manner. In such cases only a limited power is granted, and consequently an act done beyond the scope of such power is void. This is the rule to be applied in this case, where a contract irregularly made in behalf of the city having been ratified by one board, the other, whose concurrence was essential in making any contract, now refuses to ratify it. Such partial ratification is not

sufficient to bind the city for work done under this contract. with the street and sewer commissioner.

The order for judgment for defendants by the Court of Common Pleas is affirmed.